# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN FEBONIO, | |
| Petitioner, | C.A. No. 07-199 Erie |
| v. | |
| HELEN J. MARBERRY, | District Judge McLaughlin |
| | Chief Magistrate Judge Baxter |
| Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus be dismissed as moot.

**II.    REPORT**

On July 23, 2003, the United States District Court for the District of Massachusetts sentenced Petitioner to a 70-month term of imprisonment with a 24-month term of supervised release to follow for Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). The Federal Bureau of Prisons (the "Bureau") designated him to the Federal Correctional Institution at McKean ("FCI-McKean"), which is located in Bradford, Pennsylvania.

Petitioner commenced the instant action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he challenged the Bureau's computation of his sentence. Specifically, Petitioner argued that he was entitled to additional prior custody credit under 18 U.S.C. § 3585(b). (*Petition*, Docket No. 7). The petition was served upon the Respondent in February 2008, and the Respondent filed a motion for an enlargement of time to file a Response, which this Court granted. During the preparation of the Response, the Bureau reevaluated its computation of Petitioner's sentence, discovered errors, and made adjustments to its original computation. (See *Response*, Docket No. 15).

The records department at FCI-McKean has confirmed to the Court that Petitioner's term of imprisonment has expired and he has been released. Generally, when a prisoner is challenging the Bureau's execution of his sentence pursuant to a petition for writ of habeas corpus, the

petition becomes moot if the prisoner completes his term of imprisonment before the habeas proceedings have concluded. See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998); Lane v. Williams, 455 U.S. 624, 631-34 (1982); Burkey v. Marberry, 556 F.3d 142, 147-48 (3d Cir. 2009). This rule stems from the well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. Spencer, 523 U.S. at 7; Burkey, 556 F.3d at 147. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit." Id. (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)). Thus, if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Burkey, 556 F.3d at 147 (citing Spencer, 523 U.S. at 7).

When the injury that a complaining party seeks to remedy through litigation is no longer existent, there still may be a case or controversy before the court if there is: (1) a collateral injury; (2) that is "likely" to be redressed by the court's decision. See, e.g., Spencer, 523 U.S. at 7-8 (quoting Lewis, 464 U.S. at 477); Burkey, 556 F.3d at 147-51. Courts often will presume that a *wrongful conviction* has collateral consequences that likely can be remedied by a favorable decision from a habeas court. Id. However, in cases such as the instant case, where a petitioner is challenging the execution of his sentence and not the lawfulness of his underlying conviction, the petitioner has the burden of demonstrating that he has sustained a collateral injury that can be effectively remedies by the court in order to avoid having his case dismissed on mootness grounds. Id.; Burkey, 556 F.3d at 148 ("Where…the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven."). Any purported delay in the commencement of Petitioner's term of supervised release as a result of any alleged over-incarceration is not a sufficient continuing injury to avoid a finding of mootness in this case. Burkey, 556 F.3d at 147-51.

2

Because Petitioner has been released from incarceration, the relief he sought in his petition is no longer of consequence to him; he no longer has the requisite "personal stake" in the outcome of the litigation. Id.; Spencer, 523 U.S. at 7. Accordingly, there is no case or controversy for this Court to consider, and the petition should be dismissed as moot.

## III. CONCLUSION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as moot.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

Dated: May 22, 2009 /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

cc: counsel of record and

Bryan Febonio
5003 Curacus Bay
Boynton Beach, FL 33436